Filed 11/16/21  P. v. Kelly CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRONSON CHEYENNE KELLY,<br><br>    Defendant and Appellant. | C092826<br><br>(Super. Ct. No. 62170475) |

Appointed counsel for defendant Bronson Cheyenne Kelly asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

The background is based on the December 2019 preliminary hearing, which the parties agreed would form the basis for the plea.  In December 2019, defendant and the

1

victim had been in a romantic relationship for over three years and had a one-year-old child together. They lived with defendant's parents. Their relationship had turned rocky, and they were thinking of separating.

On December 6, 2019, defendant and the victim were lying in bed and arguing when the victim slapped him. Defendant responded by punching the victim in the face. The victim suffered a black eye. Their child was in bed with them at the time.

On December 9, 2019, the victim and defendant argued again. The victim needed to leave to run an errand, so she put the young child in the car. She then went back into the house to retrieve the child's bottle. Defendant suddenly attacked her. He hit her on the face with his open hand, and she fell to the floor. He then grabbed her hair and hit her again multiple times. Defendant pulled her by the hair down the hallway toward the kitchen, saying that he was going to kill her. Although she testified during the December 2019 preliminary hearing that she did not think he would actually kill her, she told police at the time that she feared he was taking her to the kitchen so he could get a knife to stab her.

At one point during the altercation while the victim was lying on her back, defendant straddled her and then tried to strangle her with his hands. Fearing she would lose consciousness and die, the victim stopped fighting back, and defendant stopped. The victim stood up and ran to the front door. Defendant followed her out the door and rode with her to run the errand.

Defendant was arrested, and a few days later, a man who was incarcerated in the same facility called the victim twice. The caller urged the victim to drop the charges. He also encouraged her to remember when she took the witness stand that she was on defendant's side.

2

The People charged defendant with two counts of corporal injury to a spouse or cohabitant or child's parent (Pen. Code, § 273.5, subd. (a)[1] -- counts one & three), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4) -- count two), making criminal threats (§ 422, subd. (a) -- count four), and dissuading a witness from prosecuting a crime (§ 136.1, subd. (b)(2) -- count five).

Defendant pleaded no contest to counts two, four, and five. Per the parties' agreement, defendant was sentenced to state prison for an aggregate term of three years eight months, as follows: two years for count five (§ 136.1, subd. (b)(2)), one year consecutive for count two (§ 245, subd. (a)(4)), and eight months consecutive for count four (§ 422). The trial court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine (§ 1202.45), a $120 court operations fee (§ 1465.8, subd. (a)(1)), and a $90 criminal conviction assessment fee (Gov. Code, § 70303). The remaining charges were dismissed.

In June 2020, defendant filed a motion to modify his sentence and withdraw his plea based on ineffective assistance of counsel and a COVID-19 outbreak at the prison. Defendant subsequently moved for a hearing pursuant to *People v. Sanchez* (2011) 53 Cal.4th 80. The trial court granted defendant's request and appointed new counsel to investigate a possible motion to withdraw defendant's plea. Defendant abandoned the motion in September 2020.

The trial court denied defendant's request for a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of

---

[1] Undesignated statutory references are to the Penal Code.

3

the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, J.

We concur:


\_\_\_\_\_/S/_____
BLEASE, Acting P. J.


\_\_\_\_\_/S/_____
ROBIE, J.